No. 794

### BRIGHT etc. v. PERFECTION SPRING CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5657. Decided April 20, 1925

Judges Houck, Shields and Patterson, 5th Dist. sitting.

855. NUISANCE—An electric mule is not an inviting nuisance as would tend to induce children to play with it or operate it, it being in a static condition until wilfully started by minor.

468. EVIDENCE—Where it would not entitle plaintiff to a recovery, court properly directed a verdict against him.

PATTERSON, J.

Chester Bright, a minor, brought an action in the Cuyahoga Common Pleas against the Perfection Spring Co. for personal injuries. It seems that Chester entered a door of the plant and proceeded to take a drink of water at a fountain in the plant. This was a common occurence with the children who lived nearby. It was further disclosed that he went into the electrical department and moved a lever of an electric mule or truck, so that it ran for 30 or 40 feet and crashed into a wall whereby he was injured.

At the conclusion of the testimony the Spring Co. moved for a directed verdict and the court sustained the motion and directed a verdict in accordance therewith. Error was prosecuted to the Court of Appeals and it was contended that whether Chester Bright went into the plant under an express or implied invitation or whether he was a trespasser or a mere licensee. It is claimed that "greater care and caution should be exercised to prevent injuries to children upon premises where dangerous active operations are carried on than upon premises containing a visibly dangerous statical condition." Hannan, Admr. v. Ehrlich, 102 OS. 176. The Court of Appeals held:

1. While there was evidence showing that boys, including Bright, at times went into the factory to get a drink, yet there was no evidence showing that at any time any of them were permitted to go into this other part of the plant where the electric mule was located nor is it shown that the boys were permitted on or around these mules.

2. Bright was not an invitee because "an invitation to enter upon the premises exists where some benefit accrues or is supposed to accrue to one who extended the invitation. There must be at least some mutuality of interest in the subject to which the visitors

business relates although the particular thing which is the object of the visit may not be for the benefit of the occupant."

3. Furthermore, assuming that Bright was a licensee, it cannot be claimed that the electric mule was either a hidden peril or a trap, nor was there any hidden danger or any obstruction connected with it.

4. Neither can it be claimed that the mule was an inviting nuisance, such as would tend to induce children to play with it, or start or operate it. Like the turn-table in Railroad Co. v. Harvey, 77 OS. 235, it was in a static condition and remained that way until wilfully started by Bright.

5. There was no evidence in the case that would entitle Bright to recover against the Company, and there was therefore nothing to submit to the jury so that the motion for a directed verdict was properly sustained. Judgment affirmed.

Attorneys—Charles T. Rich for Bright; Dustin, McKeehan, Merrick, Arter & Stewart for Company; all of Cleveland.